UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEONIS DAVIS,

    Petitioner,

v.

JEREMY BEAN, *et al.*,

    Respondents.

Case No. 2:25-cv-01771-GMN-EJY

**ORDER**

    Keonis Davis, who is incarcerated at Nevada's High Desert State Prison, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on September 19, 2025. ECF No. 1.  The filing fee for the action has been paid. *See id*. The petition is signed by Jim Hoffman, an attorney with the office of the Nevada State Public Defender and was filed by Hoffman on Davis's behalf. *See id*.  Hoffman also filed on Davis's behalf a motion requesting appointment of a new attorney for Davis. ECF No. 2.  Subsequently, on September 22, Jonathan M. Kirshbaum, an assistant federal public defender in the office of the Federal Public Defender for the District of Nevada (FPD), filed a motion requesting that the FPD be appointed to represent Davis. ECF No. 4.

    The Court has examined Davis's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents.  The Court will order the petition served upon the respondents, and will direct the respondents to appear, but will not require any further action on their part at this time.

    In the first motion for appointment of new counsel, Hoffman, the attorney who initiated this case for Davis, states that he cannot represent Davis in federal court on an ongoing basis under NRS 180.030(2). ECF No. 2.  Prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations. *Chaney v. Lewis*,

801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam)).  The court may, however, appoint counsel at any stage of the proceedings if the interests of justice so require.  *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.  Davis's filings indicate that this action may be relatively complex and that he may not be able to litigate this action *pro se*.  The Court finds that appointment of counsel is in the interests of justice.  The Court will approve Hoffman's withdrawal and will grant Davis's motion for appointment of counsel and appoint the FPD.

**IT IS THEREFORE ORDERED** that Petitioner's motions for appointment of counsel (ECF Nos. 2 and 4) are **GRANTED**.  The Court approves Jim Hoffman's withdrawal from representation of Davis.  The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner.  If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed.  In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1).

**IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance or to indicate to the Court its inability to represent the petitioner.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only.

///

///

///

**IT IS FURTHER ORDERED** that the respondents will have 30 days from the date of this order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS __22__ day of _____September_____, 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE